HAMILTON, Circuit Judge,
dissenting:
I agree with the majority’s conclusion that the IRS had an inchoate lien on Avis’ potential inheritance from the Weir trust at the time the bankruptcy petition was filed. I also agree with the majority’s conclusion that “only when Maureen Wen-died in September 1995, conveying an inheritance to Avis, could the IRS lien become perfected; the lien could not attach to the inheritance until it came to Avis.” Ante at 722. For several reasons, however, I do not agree with the majority’s subsequent conclusion that § 362(a)(5) operated to prevent the IRS’s tax lien from attaching to the inheritance. On this point, I respectfully dissent.
This appeal involves what is known in bankruptcy parlance as the “claw-back” provision of the Bankruptcy Code. In relevant part, the claw-back provision brings into the bankruptcy estate, inter alia, “[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date— (A) by bequest, devise, or inheritance.... ” 11 U.S.C. § 541(a)(5)(A). In essence, the claw-back provision extends the petition date six months for the purpose of capturing for the bankruptcy estate property that the debtor acquires within six months after the initial petition date. Thus, the claw-back provision treats such after acquired property of the debtor as though the debtor had acquired it prior to the initial petition date.
Congress enacted the claw-back provision in order to prevent debtors from manipulating the bankruptcy petition date so *725 as to deprive creditors of certain assets. See In re Woodson, 839 F.2d 610, 619-20 (9th Cir.1988).
In this case, Avis inherited approximately $150,000 from Maureen Weir within 180 days of May 10, 1995, the date Avis’ creditors filed the Chapter 7 petition. By virtue of the claw-back provision, Avis’ inheritance should be treated as though it was acquired prior to the date the petition was filed. Treating the inheritance as such, the IRS’s lien was perfected by operation of law. Indeed, all parties agree that if Avis had already inherited the approximately $150,000 pre-petition, it would have entered the bankruptcy estate encumbered by the IRS’s tax lien. Notably, treating the inheritance as entering the bankruptcy estate encumbered by the IRS’s tax lien fully coincides with the purpose of the claw-back provision to prevent debtors from manipulating the bankruptcy petition date so as to deprive creditors of certain assets. See In re Woodson, 839 F.2d at 619-20.
The majority holds that the inheritance entered the bankruptcy estate unencumbered by the IRS’s tax lien. In reaching this holding, the majority necessarily holds that property subject to the claw-back provision is also subject to § 362(a)(5). However, this holding ignores the plain language of the claw-back provision, which expressly contemplates the bankruptcy estate receiving only the actual interest in the inheritance that the debtor hypothetically would have possessed had he acquired it or been entitled to acquire it on the original petition date.
Succinctly put, § 362(a)(5) is irrelevant to this case. Section 362(a)(5) essentially prevents a creditor from encumbering a debtor’s property post-petition. In contrast, the claw-back provision instructs courts to treat property acquired within 180 days of the petition date as if the debtor owned the property pre-petition. In this case, that means recognizing the inheritance as entering the bankruptcy estate encumbered by the IRS’s tax lien. To hold as the majority does improves the position of Avis’ unsecured creditors at the expense of one of his secured creditors, which is an anomalous result obviously not contemplated by the plain language of the claw-back provision.
For these reasons, I would hold that the IRS has a secured claim against the bankruptcy estate in the amount of $109,819 for federal income taxes, penalties, and interest owed by Avis for certain previous tax years. Accordingly, I would reverse the district court’s affirmance of the bankruptcy court and remand the case to the district court with instructions to remand the case for further proceedings consistent with this holding.*

 Because, in my view, the IRS's tax lien was fully secured via Avis' post-petition inheritance, I would reverse the district court’s af-firmance of the bankruptcy court’s determination that the IRS is only entitled to a secured lien of $1,000, the stipulated value of Avis’ interest in the Weir trust as of the bankruptcy petition date.